**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

Plaintiff,

v. CASE NO: 8:11-cv-1163-T-26MAP

FOUR AMIGOS TRAVEL, INC. d/b/a
Four Amigos Travel and Top Dog Travel, Inc.,

Defendant.
_________________________________/

**O R D E R**

Before the Court is Intervening Plaintiff Anne Patricia Matacchiero's Motion for Summary Judgment Against Derek May (Dkt. 67). This Court provided notice of taking the motion under advisement to Derek May, proceeding *pro se*.[1] Derek May has not filed anything in response to the pending motion for summary judgment. After careful consideration of the pleadings, the submissions of the Intervening Plaintiff, and the entire file, the Court concludes that the motion should be granted.

This action was filed on May 26, 2011, by the Equal Employment Opportunity Commission (the EEOC) against Defendant Four Amigos Travel, Inc. (Four Amigos) to correct unlawful employment practices in Defendant's Largo facility and to provide relief

---

[1] See Order entered January 17, 2013, at docket 68.

to two female employees, one of which is the intervening Plaintiff, and a class of similarly situated females. The unlawful practices included sexual harassment under Title VII through the creation of a hostile work environment.[2] The intervening Plaintiff, Anne Patricia Matacchiero (Matacchiero), filed a three-count complaint on June 22, 2011, asserting (1) sexual discrimination, harassment, and retaliation in violation of the Florida Civil Rights Act against Defendant Four Amigos, (2) battery against Defendant Derek May and another manager, William Howell, and (3) vicarious liability against Four Amigos.

Four Amigos is a high volume telemarketer of vacation packages in Florida. The General Manager of the Largo facility was Defendant Derek May. Matacchiero was a "direct seller" or telemarketer in the Largo office from February 5, 2008, through September 21, 2008. She was supervised by May as well as other sales managers beneath May. May had the authority to hire and fire the direct sellers.

On an almost daily basis, Matacchiero was subjected to unwelcome, pervasive, and severe sexual behavior, comments, and touching. Descriptions of the encounters with May are set forth in the sworn charge of discrimination Matacchiero filed with the

---

[2] To establish a hostile-environment sexual-harassment claim under Title VII, an employee must show that the harassment, which must be based on the sex of the employee, was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment. See Mendoza v. Borden, Inc., 195 F.3d 1238, 1245 (11th Cir. 1999) (en banc).

EEOC,[3] Matacchiero's answers to interrogatories,[4] an email she sent to the president of Four Amigos,[5] and her affidavit filed in support of this motion for summary judgment.[6] Matacchiero seeks damages against May individually for battery. The specific batteries are also set forth in the pleadings, papers, and affidavits listed above. Essentially, May slapped Matacchiero in the head and on the foot, slapped papers out of her hands, pushed her in a chair, thereby pushing her stomach into her desk, and threw hard candy at her that hit her in the back. The touching was harmful and offensive to Matacchiero.

Summary judgment is proper only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The facts must be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); Matusushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88, 106 S.Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). The non-moving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact."

---

[3] See docket 67, Exh. A, Attachment 3.

[4] See docket 67, Exh. B.

[5] See docket 67, Exh. A, Attachment 1.

[6] See docket 67, Exh. A.

United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991) (quoting Chanel, Inc. v. Italian Activewear of Fla., Inc., 931 F.2d 1472 (11th Cir. 1991)).

The tort of battery is described in Florida as "the infliction of a harmful or offensive contact upon another with the intent to cause such contact or the apprehension that such contact is imminent." Quilling v. Price, 894 So. 2d 1061, 1063 (Fla. Dist. Ct. App. 2005);see also Paul v. Holbrook, 696 So. 2d 1311, 1312 (Fla. Dist. Ct. App. 1997) (reversing denial of summary judgment on battery claim because proof of intent usually established on surrounding circumstances; no evidence of intent to cause harm is necessary). The Defendant May, *pro se*, filed an answer to the complaint in which he asserted a straight denial of the second count.[7] He did not raise any affirmative defenses.

The Court provided notice to May as a *pro se* litigant that this case would be taken under advisement for a summary judgment proceeding on the submissions of the parties without a hearing. Even applying the "less stringent" standard of a *pro se* litigant,[8] the Court finds that the pleadings and the entire file support granting summary judgment in Plaintiff's favor. In granting summary judgment, the Court does not rely, however, on May's invoking his Fifth Amendment rights at his deposition as evidence that May

---

[7] See Answer at docket 60.

[8] See Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L. Ed. 2d 251 (1976) (holding that *pro se* complaint in civil context must be liberally construed, relying on the "less stringent" standard of Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96, 30 L. Ed. 2d 652 (1972), applied to *pro se* prisoner complaint); Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

committed the battery.  See White v. Polk Cnty., 207 Fed. App'x 977, at * 2 n. 6 (11th Cir. 2006) (unpublished opinion citing Avirgan v. Hull, 932 F.2d 1572, 1580 (11th Cir. 1991), for the proposition that "[i]nvocation of the fifth amendment privilege did not give rise to any legally cognizable inferences sufficient to preclude entry of summary judgment."). Matacchiero has otherwise met her burden of showing a battery occurred through the answers to interrogatories and sworn affidavits submitted with the motion.

It is therefore **ORDERED AND ADJUDGED** that Intervening Plaintiff Anne Patricia Matacchiero's Motion for Summary Judgment Against Derek May (Dkt. 67) is **GRANTED**.  The Clerk is directed to enter final summary judgment against May on the intervenor's complaint on the issue of liability.  The issue of damages will be submitted to the jury impaneled to try this case during the May 2013 trial month commencing on April 29, 2013.

**DONE AND ORDERED** at Tampa, Florida, on February 5, 2013.


    s/*Richard A. Lazzara*
    **RICHARD A. LAZZARA**
    **UNITED STATES DISTRICT JUDGE**


**COPIES FURNISHED TO**:
Counsel of Record