**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

**Plaintiff,**

**CIVIL ACTION NO: 8:11-CV-01163**

**v.**

**FOUR AMIGOS TRAVEL, INC.**
**d/b/a FOUR AMIGOS TRAVEL,**
**TOP DOG TRAVEL, INC.,**

**Defendants, /**

**ANNE PATRICIA MATACCHIERO,**

**Intervening Plaintiff,**

**v.**

**FOUR AMIGOS TRAVEL, INC.**
**d/b/a FOUR AMIGOS TRAVEL,**
**TOP DOG TRAVEL, INC.,**
**DEREK MAY, and WILLIAM HOWELL,**

**Defendants, /**

**BRIAN EGAN and LISAMARIE HUSKEY-EGAN**

**Intervening Plaintiffs,**

**v.**

**FOUR AMIGOS TRAVEL, INC.**
**d/b/a FOUR AMIGOS TRAVEL and**
**TOP DOG TRAVEL, INC.,**
**WILLIAM HOWELL, ROB BIRKFIELD**
**and RICHIE SANDBURG,**

**Defendants. /**

**INTERVENING PLAINTIFFS' MOTION TO AMEND JUDGMENTS FOR MISTAKES, TO CONDUCT DISCOVERYAND HOLD AN EVIDENTIARY HEARING, AND TO ALTER JUDGMENTS TO INCLUDE ALL NAMES OF CORPORATE DEFENDANTS**

Intervening Plaintiffs, Anne Patricia Matacchiero, Lisamarie Huskey-Egan and Brian Egan ("Intervening Plaintiffs"), pursuant to Federal Rules of Civil Procedure 52 and 59, and through their undersigned counsel, file this MOTION TO AMEND JUDGMENTS FOR MISTAKES, TO CONDUCT DISCOVERYAND HOLD AN EVIDENTIARY HEARING, AND TO ALTER JUDGMENTS TO INCLUDE ALL NAMES OF CORPORATE DEFENDANTS and state:

**PERTINENT PROCEDURAL AND FACTUAL BACKGROUND**

The United States Equal Employment Opportunity Commission ("EEOC") initially brought this action against Four Amigos Travel, Inc. d/b/a Four Amigos Travel and Top Dog Travel, Inc. in May 2011 under Title VII of the Civil Rights Act to correct unlawful employment practices on the bases of sex and retaliation (D-1). On June 21, 2011, the undersigned counsel filed a Motion to intervene on behalf of Intervening Plaintiff, Anne Patricia Matacchiero (D-7). On June 21, 2011, the undersigned counsel filed a Motion to intervene on behalf of Intervening Plaintiffs, Brian Egan and Lisamarie Huskey-Egan (D-6).

Those Motions were granted by the Court on June 22, 2011 (D-8). Ms. Matacchiero filed her Complaint against Four Amigos for gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 *as amended* ("Title VII") and the Florida Civil Rights Act ("FCRA"). The Egan's filed their Complaint against Four Amigos for harassment, gender discrimination and retaliation in violation of Title VII and the FCRA.

Four Amigos and Top Dog were served, answered the Intervening Complaints (D-15 and 16) and appeared in the case through their attorney Christopher Pace. Four Amigos and Top Dog answered the Complaints and took the position that Four Amigos Travel, Inc. and Top Dog

Travel Inc. were separate companies. The Defendants alleged that Four Amigos had ceased doing business in 2009 (D-1 and D-14).

Top Dog Travel, Inc. was allegedly incorporated in March 2009. See Fla. Dept. of Corporations filing as Exhibit "A". However, former Four Amigos Take-Over Manager and Intervening Plaintiff, Brian Egan testified at trial that Four Amigos and Top Dog were the same company. Similarly, Take-Over Manager Michael Maar had worked for Four Amigos Travel in 2008, was working for Top Dog Travel as the time of his deposition in 2012 and testified that Four Amigos and Top Dog were one and the same company – just a name change[1].

The Intervening Plaintiffs and Four Amigos engaged in mediation but the case did not resolve. The parties started discovery. On June 10, 2012, the Intervening Plaintiffs sent Interrogatories and Requests for production to Four Amigos/Top Dog. The EEOC also sent documents to Intervening Plaintiffs. A few documents produced in the immediate case referenced a business relationship with "Ramada Plaza Resorts". A search of the public records showed that Ramada Plaza Resorts was "inactive" as of 2005. See copy of corporate filing attached as Exhibit "B". A ficticious name, "Ramada Plaza Resorts" had also expired as of 2011. See copy of corporate filing attached as Exhibit "C".

On July 10, 2012, the Plaintiffs took the deposition of Four Amigos former General Manager Derek May. Counsel for Plaintiffs asked May questions for approximately three hours. The questions included questions about the corporate structure of the corporate Defendants. Derek May asserted Fifth Amendment rights to all questions asked of him. The Plaintiffs took the deposition of Four Amigos' Take-Over Manager Michael Maar on July 12, 2012. The Plaintiffs also took the deposition of Four Amigos' administrative assistant, Tara Saarinen. The

[1] Maar's deposition was not ordered for transcription.

deponents testified that Four Amigos/Top Dog was doing business with Ramada Plaza Resorts in 2008.

On August 8, 2012, the EEOC sent a (Second) Request for Production of Documents to Four Amigos specifically asking for:

> REQUEST NO. 27:
>
> Copy of all documents, including but not limited to agreements, contracts, invoices, promissory notes, liens, receipts, vouchers, canceled checks, cashier's checks, bank drafts and electronic payments and deposits between Ramada Plaza Resorts and Four Amigos Travel for the period January 1, 2005 to July 1, 2009.
>
> REQUEST NO. 28:
>
> Copy of all documents, including but not limited to agreements, contracts, invoices, promissory notes, liens, receipts, vouchers, canceled checks, cashier's checks, bank drafts and electronic payments and deposits between Ramada Plaza Resorts and Top Dog Travel Inc., for the period January 1, 2009 to the date of production.

However, on August 16, 2012, attorney for the corporate Defendants, Christopher Pace, filed a Motion to Withdraw. That Motion was granted by this Court on August 17, 2012 (D-40). In granting Mr. Pace's withdrawal, this Court ordered the corporate Defendants to "cause new counsel to file a notice of appearance on or before" September 17, 2012 (Id.).

Intervening Plaintiffs filed Motions to Compel discovery from the unrepresented corporate Defendants (D's 47, 52, 53 and 54). As of September 17, 2012, no new attorney had filed a notice of appearance on behalf of the corporate Defendant. The Court entered an Order

ruling that the Motions to Compel discovery were "denied as unnecessary" and ordering the Intervening Plaintiffs to "seek a default final judgment as to the unrepresented corporate defendants no later than October 26, 2012" (D-55).

Defaults were then entered against Four Amigos Travel, Inc. d/b/a Four Amigos Travel and Top Dog Travel, Inc. and in favor of Intervening Plaintiffs (D-58, 59).

On November 19, 2012, Four Amigos/Top Dog President Ronald Schlom sent e-mails saying Top Dog Travel was out of business. See copy of e-mails attached as Exhibit "D". Any mail sent to the corporate Defendants was then returned as undeliverable. Discovery closed December 12, 2012.

The Court set a jury trial to commence on lost wages, non-economic compensatory damages (emotional distress, pain and suffering) and punitive damages (D-86). A one and one-half day damages-only jury trial was conducted on April 29 and 30, 2013. At the conclusion of the evidence at the trial, an eight person jury reached unanimous verdicts as follows:

> For the sexual harassment and retaliation committed by Four Amigos Travel, Inc. a/k/a Top Dog Travel Inc., the jury awarded:
>
> > $500,000.00 in compensatory damages and $2,000,000.00 in punitive damages to Anne Patricia Matacchiero (D-118)
>
> For the sexual harassment and retaliation committed by Four Amigos Travel, Inc. a/k/a Top Dog Travel Inc., the jury awarded:
>
> > $500,000.00 in compensatory damages and $2,000,000.00 in punitive damages to Lisamarie Huskey-Egan (D-117)
>
> For retaliation committed by Four Amigos Travel, Inc. a/k/a Top Dog Travel Inc., the jury awarded:

$250,000.00 in compensatory damages and $2,000,000.00 in punitive damages to Brian Egan (D-116)

During the trial proceedings, the Court allowed the undersigned counsel to make oral motions for the Court to award lost wages to Intervening Plaintiffs. The Court awarded the following:

Lost Wages for Anne Patricia Matacchiero in the amount of $156,653.85

Lost Wages for Lisamarie Huskey-Egan in the amount of $38,611.68

Lost Wages for Brian Egan in the amount of $206,821.04

Judgments were accordingly entered by the Court (D- 124, 125, 126).

## AMENDING MISTAKES IN LANGUAGE OF JUDGMENTS

**Judgment in favor of Anne Patricia Matacchiero – Docket 124**

This Judgment states**, "IT IS ORDERED AND ADJUDGED** that Judgment is entered against the Defendant's Four Amigo Travel, Inc., d/b/a Four Amigos Travel, Top Dog Travel, Inc., and William Howell and for the Intervening Plaintiff, **Anne Patricia Matacchiero** for compensatory damages in the amount of $500,000.00 and punitive damages in the amount of $2,000,000.00".

Anne Patricia Mataccheiro represented to the Court at trial that she was not seeking damages from Defendant William Howell. Also, Four Amigos name is misspelled in the Judgment. As a result, the language in the Judgment should be amended to read as follows:

**"IT IS ORDERED AND ADJUDGED** that Judgment is entered against the Defendants Four Amigos Travel, Inc., d/b/a Four Amigos Travel and Top Dog Travel, Inc. and for the Intervening Plaintiff, **Anne Patricia Matacchiero** for

> compensatory damages in the amount of $500,000.00 and punitive damages in the amount of $2,000,000.00".

This Judgment states, **"IT IS ORDERED AND ADJUDGED** that Judgment is entered against the Defendant's Four Amigo Travel, Inc., d/b/a Four Amigos Travel, Top Dog Travel, Inc., and William Howell and for the Intervening Plaintiff, **Anne Patricia Matacchiero** for back pay with cost of living and prejudgment interest in the amount of $156,653.85".

Anne Patricia Mataccheiro represented to the Court at trial that she was not seeking damages from Defendant William Howell. Also, Four Amigos name is misspelled. As a result, the language in the Judgment should be amended to read as follows:

> **"IT IS ORDERED AND ADJUDGED** that Judgment is entered against the Defendants Four Amigos Travel, Inc., d/b/a Four Amigos Travel, Top Dog Travel, Inc. and for the Intervening Plaintiff, **Anne Patricia Matacchiero** for back pay with cost of living and prejudgment interest in the amount of $156,653.85".

**<u>Judgment in favor of Lisamarie Huskey-Egan – Docket 125</u>**

This Judgment states**, "IT IS ORDERED AND ADJUDGED** that Judgment is entered against the Defendant's Four Amigo Travel, Inc., d/b/a Four Amigos Travel and Top Dog Travel, Inc., William Howell, Rob Birkfield and Richie Sandburg, and for the Intervening Plaintiff, **Lisamarie Husky-Egan** for compensatory damages in the amount of $500,000.00 and punitive damages in the amount of $2,000,000.00".

Rob Birkfield and Richie Sandburg were dismissed from the suit on April 11, 2013. Lisamarie Huskey-Egan represented to the Court at trial that she was not seeking damages from

Defendant William Howell. Four Amigos name is misspelled in the Judgment. Ms. Huskey-Egan's name is misspelled in the Judgment.

As a result, the language in the Judgment should be amended to read as follows:

> "**IT IS ORDERED AND ADJUDGED** that Judgment is entered against the Defendants Four Amigos Travel, Inc., d/b/a Four Amigos Travel and Top Dog Travel, Inc. and for the Intervening Plaintiff, **Lisamarie Huskey-Egan** for compensatory damages in the amount of $500,000.00 and punitive damages in the amount of $2,000,000.00".

This Judgment states, "**IT IS ORDERED AND ADJUDGED** that Judgment is entered against the Defendant's Four Amigo Travel, Inc., d/b/a Four Amigos Travel and Top Dog Travel, Inc., William Howell, Rob Birkfield and Richie Sandburg, and for the Intervening Plaintiff, **Lisamarie Husky-Egan** for back pay with cost of living and pre-judgment interest in the amount of $38,611.68'.

Rob Birkfield and Richie Sandburg were dismissed from the suit on April 11, 2013. Lisamarie Huskey-Egan represented to the Court at trial that she was not seeking damages from Defendant William Howell. Four Amigos name is misspelled in the Judgment. Ms. Huskey-Egan's name is misspelled in the Judgment.

As a result, the language in the Judgment should be amended to read as follows:

> "**IT IS ORDERED AND ADJUDGED** that Judgment is entered against the Defendants Four Amigos Travel, Inc., d/b/a Four Amigos Travel and Top Dog Travel, Inc. and for the Intervening Plaintiff, **Lisamarie Huskey-Egan** for back pay with cost of living and pre-judgment interest in the amount of $38,611.68'.

**<u>Judgment in favor of Brian Egan – Docket 126</u>**

This Judgment states, "**IT IS ORDERED AND ADJUDGED** that Judgment is entered against the Defendant's Four Amigo Travel, Inc., d/b/a Four Amigos Travel and Top Dog Travel, Inc., William Howell, Rob Birkfield and Richie Sandburg, and for the Intervening Plaintiff, **Brian Egan** for compensatory damages in the amount of $250,000.00 and punitive damages in the amount of $2,000,000.00".

Mr. Egan never had a claim against Rob Birkfield and Richie Sandburg and those Defendants were dismissed from the suit on April 11, 2013. Mr. Egan never had a claim against Defendant William Howell. Four Amigos name is misspelled in the Judgment. As a result, the language in the Judgment should be amended to read as follows:

> "**IT IS ORDERED AND ADJUDGED** that Judgment is entered against the Defendants Four Amigos Travel, Inc., d/b/a Four Amigos Travel and Top Dog Travel, Inc. and for the Intervening Plaintiff, **Brian Egan** for compensatory damages in the amount of $250,000.00 and punitive damages in the amount of $2,000,000.00".

This Judgment states, "**IT IS ORDERED AND ADJUDGED** that Judgment is entered against the Defendant's Four Amigo Travel, Inc., d/b/a Four Amigos Travel and Top Dog Travel, Inc., William Howell, Rob Birkfield and Richie Sandburg, and for the Intervening Plaintiff, **Brian Egan** for back pay with cost of living and pre-judgment interest in the amount of $206,821.04".

Mr. Egan never had a claim against Rob Birkfield and Richie Sandburg and those Defendants were dismissed from the suit on April 11, 2013. Mr. Egan never had a claim against Defendant William Howell. Four Amigos name is misspelled in the Judgment. As a result, the language in the Judgment should be amended to read as follows:

> "**IT IS ORDERED AND ADJUDGED** that Judgment is entered against the Defendants Four Amigos Travel, Inc., d/b/a Four Amigos Travel and Top Dog Travel, Inc. and for the Intervening Plaintiff, **Brian Egan** for back pay with cost of living and pre-judgment interest in the amount of $206,821.04".

**AMENDING TO CONSOLIDATE JUDGMENTS**

On May 14, 2013, this Court granted Motions for attorney's fees filed by the Intervening Plaintiffs. On May 15, 2013, the Clerk entered three Judgments reflecting that Order (D's 139, 140 and 141).

Since the Clerk may be revising Judgments D124, D125, and D126 as requested above, the Clerk could consolidate those Judgment with Judgments D139, D140 and D141.

**CONDUCTING DISCOVERY, HOLDING A HEARING, AND ALTERING JUDGMENTS TO INCLUDE ALL NAMES OF CORPORATE DEFENDANTS**

Four Amigos and Top Dog were served with all Plaintiffs' Complaints. They answered the Complaints and took the position that Four Amigos Travel, Inc. and Top Dog Travel Inc. were separate companies. The Defendants alleged that Four Amigos' President Ronald Schlom was no longer the President because Four Amigos had "ceased doing business in 2009" (D-1 and D-14, paragraphs 16).

However, at trial, former Four Amigos Take-Over Manager, Brian Egan testified that Four Amigos and Top Dog were the same company. Additionally, former Four Amigos' Take-Over Manager Michael Maar testified in his deposition that he was still working for Top Dog and that Four Amigos and Top Dog were one and the same company. He also testified that he was actively working for Ronald Schlom, President of Top Dog Travel, in 2012. Clearly, Four

Amigos was still in business as of 2012, under the name Top Dog, contrary to Four Amigos' representations.

It appears that Four Amigos/Top Dog President Ronald Schlom was engaging in intentional acts to hide that Four Amigos was a continuing enterprise at the time the immediate case was filed in 2011 and into 2012.

On November 19, 2012, Ronald Schlom sent e-mails to the undersigned counsel alleging that Four Amigos'/Top Dog's sole office, located in Lauderdale Lakes, Florida, was no longer doing business. The undersigned counsel became aware of potential other business names under which Ronald Schlom was and/or is conducting the Four Amigos/Top Dog business only after the close of discovery and during trial preparation.

During discovery in this case, Four Amigos'/Top Dog's General Manager, Derek May, was noticed for deposition but asserted Fifth Amendment rights to every question asked over a three hour period. Mr. May then appeared at a case status conference on April 11, 2013 and stated he wanted to testify at trial. The Court ordered Mr. May to give another deposition which was noticed for April 18, 2013. That deposition continued on April 22, 2013 – just 7 days before the start of trial on April 29th.

Just before starting Derek May's April 22nd deposition, the undersigned counsel was told by counsel for the Equal Employment Opportunity Commission that the EEOC had received an anonymous call that Mr. Schlom had resumed his business under the name "Pirates of Paradise". Counsel for the EEOC and the undersigned counsel looked up the Florida Department of Corporations website during the deposition.

The Fla. DOC website shows that "Pirates of Paradise, Inc" had filed as a corporation with the Fla. DOC on September 20, 2012. This was just two months before Schlom's e-mail

that Top Dog had closed. The Fla. DOC website shows that the Registered Agent is Eric Dorsky and the sole officer is Edward Schwartz. When asked about these individuals on April 22nd, Derek May testified under oath that both individuals were close, personal friends of Ronald Schlom.

The undersigned counsel had periodically checked the Fla. DOC website for companies with which Ronald Schlom was involved. Just before Derek May's April 2013 deposition, the undersigned counsel did that search again and discovered that Ronald Schlom was the sole officer of a company called "Full Boat Consulting". That company had filed with the Fla. DOC on November 16, 2012 (however, it is unclear when that became accessible in the public records).

Ronald Schlom had filed the documents on that company just 3 days before sending the e-mails that Top Dog was out of business.

Intervening Plaintiffs could not conduct discovery at this late date regarding any connections among Four Amigos/Top Dog, Full Boat and Pirates of Paradise. Discovery had closed. Ronald Schlom's mail was being returned with an indication that the former Top Dog location was vacant. See copies of returned envelopes attached as Exhibit "E". Schlom had not even responded to discovery during the court ordered discovery period. Trial was starting in 7 days.

After the trial, in May 2013, a telephone call was made to Pirates of Paradise. The caller asked for Ronald Schlom and he was brought to the phone.

Intervening Plaintiffs have reason to believe that Ronald Schlom has continued the Four Amigos/Top Dog business through successor companies Full Boat and/or Pirates of Paradise. Ronald Schlom had done that before in trying to change Four Amigos' name to Top Dog and

claiming in this lawsuit that those were two different companies. Intervening Plaintiffs did not have access to the information about Pirates of Paradise and Full Boat Consulting before the close of discovery in this case and only discovered this information 7 days before trial.

The undersigned counsel discovered only when preparing exhibits for trial that the Federal Department of Labor had identified the employees at Four Amigos to also be employed by "Ramada Plaza Resorts". One of the EEOC Claimants told Intervening Plaintiff Anne Patricia Matacchiero that the Claimant had a document showing that connection. The undersigned counsel has not been given a copy of that documentation.

Intervening Plaintiffs now have reason to believe that Ronald Schlom has been conducting, and continues to conduct the Four Amigos/Top Dog business through successor/integrated company Ramada Plaza Resorts. Intervening Plaintiffs did not have access to the information about the Dept. of Labor identifying Ramada Plaza Resorts as a co-employer before the close of discovery in the case and only days before trial. Intervening Plaintiffs could not conduct discovery at that late date regarding any such co-employment.

If Four Amigos Travel, Inc. a/k/a Top Dog Travel, Inc. is also doing business as "Ramada Plaza Resorts", "Full Boat Consulting, Inc." and/or "Pirates of Paradise, Inc.", those names should be added to the Judgments as parties against whom the awards have been made in this case. As a result, the Judgments should be altered/amended accordingly.

Intervening Plaintiffs respectfully request that the Court hold the Judgments entered in this case (Docket #'s 124, 125, 126, 139, 140 and 141) open and reserve jurisdiction for Intervening Plaintiffs to engage in discovery for a 90 day period to determine the connection(s) among Four Amigos Travel, Inc. a/k/a Top Dog Travel, Inc., "Ramada Plaza Resorts", "Full Boat Consulting, Inc." and "Pirates of Paradise, Inc."

Intervening Plaintiffs then request an evidentiary hearing for the purpose of the Court's determination of whether the names "Ramada Plaza Resorts", "Full Boat Consulting, Inc." and/or "Pirates of Paradise, Inc.", should be added to the Judgments against whom the awards have already been made in this case.

## MEMORANDUM OF LAW

### I. Amendment appropriate

The decision whether to amend a judgment is within the discretion of the court. *Sipp v. Astrue*, 641 F. 3d 975, 981 (8th Cir. Ct. App. 2011) Altering or amending a judgment is appropriate to reflect new evidence or to prevent a manifest injustice. *Patton Boggs, LLP v. Chevron Corp.*, 683 F. 3d 397, 403 (DC Cir. Ct. App. 2012)

### II. Need to determine potential successor liability

As a general matter, equities favor imposition of successor liability because the successor benefits from the discriminatory practices of its predecessor and the primary concern is to provide the victim of discrimination with full relief. *EEOC v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1092 (6th Cir. Ct. App. 1974). The concept of successor liability has been applied to Title VII cases. See *MacMillan* at 1090-91; *Perma Vinyl Corp.*, 164 N.L.R.B. 968 (1967); *NLRB v. Burns Int'l. Security Services, Inc.*, 406 U.S. 272 (1972)

In *NLRB v. South Harlan Coal, Inc.*, 844 F.2d 380, 384 (6th Cir. Ct. App. 1988), the Sixth Circuit Court stated that "there is support for the principle that the successor has the burden of proving the lack of any knowledge of a predecessor's unfair labor practices." Moreover, a finding that the successor had "indirect" knowledge of the predecessor's unfair labor practices is sufficient

to justify the imposition of successor liability. *Id.* at 385. The knowledge of unfair labor practice litigation need not be actual, but may be inferred from the circumstances. *Id.*

"To hold otherwise would be to permit successors in operations to evade too easily the strong congressional policy in favor of providing remedies for employees harmed by a predecessor's unfair labor practices. Such evasion cannot succeed simply by denying any actual knowledge of unfair labor practices charges [where there exists] a strong circumstantial evidence basis from which knowledge could reasonably be inferred." *Id.* at 386

Evidence needs to be gathered for the Court to make an equitable determination of whether Four Amigos/Top Dog is attempting to avoid the remedies afforded Intervening Plaintiffs by the jury and this Court. If so, evidence needs to be taken to determine if "Ramada Plaza Resorts", "Full Boat Consulting, Inc." and/or "Pirates of Paradise, Inc." should be prevented from evading the strong congressional policy in favor of providing remedies for employees harmed by a predecessor's unfair labor practices.

The question of whether the imposition of successor liability is equitable in a particular case requires courts to balance:

1. the interests of the defendant employer;
2. the interests of the plaintiff employee; and
3. the goals of federal policy in light of the particular facts of a case and the particular legal obligation at issue.

*Cobb v. Contract Transport, Inc.*, 452 F.3d 543, 552, 554 and 555 (6th Cir. Ct. App. 2006) citing *MacMillan* supra at 1091.

The *Cobb* Court stated that federal labor law cases do not require a merger or transfer of assets (i.e., privity) as a precondition to the imposition of successor liability. *Id.* The *Cobb* Court re-examined a group of U.S. Supreme Court labor cases that addressed successor liability including *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. at 543 (1964), *NLRB v. Burns International*

*Security*, 406 U.S. 272 (1972), and *Howard Johnson Co. v. Detroit Local Joint Exec. Bd., Hotel & Rest. Employees Int'l Union*, 417 U.S. 249 (1974). *Id.* at 552-555.

The *Cobb* Court continued by stating: "The ultimate inquiry always remains whether the imposition of the particular legal obligation at issue would be equitable and in keeping with federal policy." *Id.* at 554.

As for the type of relief that may be imposed upon a successor once successor liability has been established, the Court in *EEOC v. Steven T. Cox, Inc.*, 2002 WL 32357095 *7-8 (M.D. Tenn. 2002) held that punitive damages may be imposed on successor. In *Armstrong v. Lockheed Martin Beryllium Corporation*, 990 F. Supp. 1395, 1403 (M.D. Fla. 1997), the Court held that compensatory damages and backpay awards may be imposed on successor but not punitive damages if the successor is an "innocent successor."

Evidence needs to be gathered for the Court to make an equitable determination of whether "Ramada Plaza Resorts", "Full Boat Consulting, Inc." and/or "Pirates of Paradise, Inc." are "innocent successors" of Four Amigos/Top Dog. If not, the names should be added to the Judgments to prevent them from evading the strong congressional policy in favor of providing remedies for employees harmed by a predecessor's unfair labor practices.

If they are not deemed "innocent successors", they should be responsible for all financial remedies awarded by the jury and the Court.

**II. Need to determine if these entities are not successors, are they integrated**

The following factors are weighed in determining whether two or more entities constitute an integrated employer: (1) common management; (2) interrelation between operations; (3) centralized control of labor relations; and (4) common ownership. *Radio & Television Broadcast Technicians Local 1264 v. Broadcast Serv. of Mobile, Inc.*, 380 U.S. 255, 85 S. Ct. 876 (1965).

In *McKenzie v. Davenport-Harris Funeral Home*, 834 F.2d 930, 933-34 (11th Cir. Ct. App. 1987), the Court adopted the four-factor NLRB test (noting that a liberal construction must be accorded to the term "employer") and articulated *the degree to which* integration evidence would be deemed sufficient for submission to a jury. *McKenzie* at 933 (the evidentiary degree is "highly integrated with respect to ownership and operations.").

In *Torres-Negron v. Merck & Co.*, 488 F.3d 34, 42 (1st Cir. Ct. App. 2007), the Court found that even without record evidence of common management there were triable issues of fact as to whether two companies were a single employer for Title VII purposes noting that the "very purpose of the [integrated employer] doctrine is to extend responsibility for discrimination beyond technical distinctions to promote the Title VII goal of eliminating employment discrimination."

Evidence needs to be gathered for the Court to make an equitable determination of whether "Ramada Plaza Resorts", "Full Boat Consulting, Inc." and/or "Pirates of Paradise, Inc." are successors of Four Amigos/Top Dog and if not, are they integrated? If so, the names should be added to the Judgments to extend responsibility for discrimination beyond technical distinctions to promote the Title VII goal of eliminating employment discrimination.

**WHEREFORE**, Intervening Plaintiffs, Anne Patricia Matacchiero, Lisamarie Huskey-Egan and Brian Egan respectfully request that this Court (1) amend Judgments D124, D125, and D126 entered in their favor as identified above, (2) consolidate Judgments D124, D125, and D126 with Judgments D139, D140 and D141 as to each of the respective Intervening Plaintiffs, (3) keep all Judgments entered in favor of the Intervening Plaintiffs open and retain jurisdiction to allow Intervening Plaintiffs to engage in discovery regarding the ongoing business and business names of Four Amigos Travel/Top Dog Travel/Ramada Plaza Resorts/Full Boat

Consulting/Pirates of Paradise, (4) allow the Intervening Plaintiffs to engage in discovery, issue subpoenas and use all other Federal Rules of Civil Procedure related to discovery for a period of 90 days to determine if any successor businesses or business names should be added to the Judgments, (5) allow the Intervening Plaintiffs to have an evidentiary hearing related to the fruits of such discovery for a determination of any successor businesses or business names which should be added to the Judgments, (6) grant such other and further relief this Court deems necessary and just under the circumstances.

DATED: May 16, 2013

Respectfully submitted.

By: */s/ Patrice A. Pucci*
PATRICE A. PUCCI **TRIAL COUNSEL**
Patrice A. Pucci P.A.
Florida Bar # 521991
2719 1st Avenue North
St. Petersburg, FL 33713
Telephone: (727) 894-4516
Facsimile: (727) 321-2839
Email: papucci@mindspring.com

**Attorney for Intervening Plaintiffs**
**ANNE PATRICIA MATACCHIERO**
**LISAMARIE HUSKEY-EGAN**
**BRIAN EGAN**

**Certificate of Service**

I HEREBY CERTIFY that on the 16th day of May 2013, a copy of the foregoing Motion was filed with the ECF system for copies to be sent to Gregory McClinton, Esq., U.S. EEOC, 501 East Polk Street, Suite 1000, Tampa, Florida 33602, Attorney for EEOC; and by U.S. Mail upon Defendants Four Amigos Travel and Top Dog Travel via U.S. Mail at Four Amigos Travel, Inc. and Top Dog Travel, Inc., 3666 West Oakland Park Blvd., Lauderdale Lakes, Florida 33311;

and by U.S. Mail on Derek May at 8210 Abbey Mist Cove, Tampa, FL 33619-6612. I believe there are no other persons to which any other notice is required.

By: /s/ *Patrice A. Pucci*
PATRICE A. PUCCI **TRIAL COUNSEL**
Patrice A. Pucci P.A.
Florida Bar # 521991